IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA          :
                                  :
        v.                        :          Case No. **26-cr-24**
                                  :
**AVTANDIL KALANDADZE**,          :
        Defendant.                :

## **PROTECTIVE ORDER**

This matter having come before the Court upon the Government's Unopposed

Motion for a Protective Order concerning the disclosure of certain materials to be

exchanged between the parties in this matter, in light of the sensitive nature of some

of the documents and information which may be disclosed in accordance with Fed. R.

Crim. P. 16 and other discovery obligations of the parties as provided by law, it is this

_____ day of March 2026, hereby

ORDERED that the Government's *Unopposed Motion for a Protective Order* is

GRANTED; and it is

FURTHER ORDERED that

1.      All Protected Material exchanged between the United States and the

defendant will be handled in accordance with the terms of this Protective Order. The

parties may designate any document or information as "Protected Material" under

this Protective Order when disclosing that material in discovery in this case and shall

provide the basis for the protected status of that material at the time of disclosure.

Such documents or information shall then be deemed Protected Material under the

terms of this Protective Order. Protected Material may include documents or information that contain the following:

A. Telephone numbers, email addresses, driver's license numbers, and similar unique identifying information;

B. Information regarding the government's confidential sources;

C. Information that may jeopardize witness security;

D. Contact information for, photographs of, and private conversations with individuals that do not appear to be related to the criminal conduct in this case;

E. Medical or mental health records;

F. Sources and methods law-enforcement officials have used, and will continue to use, to investigate other criminal conduct;

G. Information that may jeopardize an ongoing or future investigation;

H. Banking or other financial information.

The parties shall treat such disclosed documents or information as Protected Material unless and until the Court rules that the documents or information, in whole or in part, should no longer be treated as Protected Material. Without authorization from the United States or the Court, Protected Material shall not be disclosed or distributed to any person or entity other than as set forth in this Protective Order.

2. Protected Material provided by the United States to the defendant shall be reviewed only by the defendant, his attorneys of record, employees of such

attorneys to whom it is necessary that the materials be shown for purposes of preparation, trial, sentencing, and appeal of this matter, witnesses or potential witnesses and their counsel, and experts or consultants assisting in the preparation, trial, sentencing, and appeal of this matter. Such witnesses, counsel, experts or consultants to whom Protected Material is disclosed must be served with a copy of this Protective Order prior to disclosures of Protected Material to them.

3.      Protected Material must be maintained in the custody and control of the legal defense team. Defense counsel may show Protected Material to the defendant as necessary to assist in preparation of the defense, but defense counsel may not provide a copy of Protected Material to the defendant. Moreover, if defense counsel does show Protected Material to the defendant, defense counsel may not allow the defendant to write down any personal identity information as identified in Rule 49.1 of the Federal Rules of Criminal Procedure, or other identifying information, including telephone numbers, email addresses, driver's license numbers, and similar unique identifying information, that is contained in the Protected Material. If the defendant takes notes regarding Protected Material, defense counsel must inspect those notes to ensure that the defendant has not copied down personal identity information, including the categories set forth in this paragraph.

4.      If defendant is incarcerated by the District of Columbia Department of Corrections ("DCDOC"), defense counsel is authorized to provide a copy of discovery to the DCDOC Office of General Counsel so that the defendant can view the information pursuant to DCDOC's alternative viewing procedure. Before providing a

copy of the materials to the DCDOC, defense counsel must ensure that the materials provided to the defendant through DCDDOC do not contain material designated as Protected Material as set forth above. If defendant is incarcerated in another facility, the government agrees to work with the legal defense team to use reasonable efforts to make arrangements for viewing at the defendant's facility.

5.     The same conditions and restrictions apply to Protected Material provided by the defendant to the United States. It is understood that among the persons to whom the United States will need to disclose certain Protected Material are law enforcement agents engaged in the preparation for trial or hearings in this case, witnesses or potential witnesses, and other representatives of the United States Government and other foreign governments.

6.     Protected Material disclosed by the parties shall be used solely for the preparation, trial, sentencing, and appeal of this matter and for no other purpose whatsoever, unless otherwise ordered by the Court. The contents of the Protected Material disclosed to the defendant or by the defendant shall not be disclosed to any other individual or entity in any manner except to a photocopy service or by further order of the Court.

7.     This Order does not apply to materials that:

A.     are, or later become, part of the public court record, including materials that have been received in evidence in this or other public trials or hearings;

B.      were lawfully in the defendant's possession, custody, or control prior to their production in discovery in this case, including identical copies of such materials;

C.      the defense obtains by means other than discovery.

This Order applies only to materials designated as Protected Material when produced in discovery and does not restrict the defendant's use or disclosure of materials independently obtained or already in his possession apart from such discovery production.

8.      The parties shall make a good faith effort to resolve any dispute regarding a protective designation before seeking Court intervention. If no resolution is reached, the challenging party may seek appropriate relief from the Court. Any withdrawal or modification of a designation shall be memorialized in writing.  Failure to designate material as Protected Material at the time of production shall not constitute a waiver of a later designation, provided that any such designation is made promptly upon discovery of the oversight and does not prejudice the receiving party's prior use of the material.

9.      Nothing in this Order shall prevent a party from seeking modification of this Order nor prevent a party from contesting a "Protected Material" designation. The parties agree that the burden of demonstrating the need for a "Protected Material" designation remains, at all times, with the party seeking the designation.

10.      The terms of this Order shall survive the termination of this action and the parties shall be bound by it unless otherwise ordered by the Court.

11.     Nothing in this Protective Order limits the United States or the defendant from disclosing Protected Material directly to this Court (or the Court of Appeals) or while appearing before this Court (or the Court of Appeals), including in any motions, at any hearings, during trial, or during any appeal; however, prior to any such disclosure on the public record or in open court, the United States or the defendant shall provide notice to the other party of such anticipated disclosure at least five business days, to enable such party to seek relief if desired from the Court to curtail such disclosure.


Date: _____                    _____

                                     HONORABLE BERYL A. HOWELL
                                     DISTRICT JUDGE


CC:    Jonathan R. Hornok, Assistant U.S. Attorney
       Michael D. Longyear, Counsel for the Defendant
       Jillian Berman, Counsel for the Defendant