## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA | : | Case No: 1:26-cr-24 |
|  | : |  |
|  | : |  |
|  | : | 18 U.S.C. § 2237(a)(1) |
|  | : | (Failure to Heave to) |
| v. | : |  |
|  | : |  |
| AVTANDIL KALANDADZE | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |

**FILED**

JUN 12 2026

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

### STATEMENT OF OFFENSE

Pursuant to Fed. R. Crim. P. 11, the United States and the defendant, Avtandil Kalandadze ("Kalandadze" or the "defendant"), stipulate to and agree that the following facts are true and accurate. These facts do not constitute all facts known to the parties concerning the charged offenses and relevant conduct. This statement is being submitted by the parties to demonstrate that sufficient facts exist to establish that the defendant committed the offense to which he is pleading guilty: Count Two of the Indictment.

1. Beginning on or about September 1, 2025, and continuing through in or about late-December 2025, the defendant was the Master of the Motor Tanker *Bella 1* with International Maritime Number (IMO) 9230880 (the "*Bella 1*"), for which he was paid a monthly salary. Between late December 2025 and January 7, 2026, the defendant continued to participate in the piloting and operation of the *Bella 1*. During the time that the defendant was Master of the *Bella 1*, the *Bella 1* transported approximately 1.8 million barrels of Iranian oil. The defendant, acting at the direction of one or more individuals who were commanding the movement of the *Bella 1*

1

("Operator" or "Operators"), took multiple steps to conceal the fact that *Bella 1* was transporting Iranian oil.  For example, at the instruction of the Operator, the *Bella 1* sailed from Iran to Asia with its Automatic Identification System (AIS) deactivated, which is a common obfuscation technique used by vessels involved in the smuggling of illicit oil, despite the risks it creates for maritime navigational safety. The defendant, at the instruction of the Operator, directed members of the crew to physically conceal the name of the *Bella 1* while engaging in a ship-to-ship transfer of Iranian oil, which is another common obfuscation technique when transporting illicit oil.

2.  Between on or about December 20, 2025, and on or about January 7, 2026, the defendant, in combination with others onboard the *Bella 1* and at the direction of the Operator, knowingly failed to obey orders by authorized federal law enforcement officers to heave to the U.S. Coast Guard Cutter *Munro*.

3.  As Master of the *Bella 1* from on or about September 1, 2025, to in or about late-December 2025, the defendant disobeyed multiple orders from the U.S. Coast Guard to heave to the *Munro*.

4.  On December 21, 2025, the defendant, at the direction of the Operator, destroyed records and information onboard the *Bella 1*, which resulted in a material hindrance to the investigation.

5.  As Master of the *Bella 1* and during the period after which he abdicated that role, the defendant used a special skill —the education, training, and experience required to be a Master of a large crude oil tanker —in a manner that facilitated the commission of the offense.

6.  The defendant's failure to heave to created the circumstances which ultimately led to a substantial risk of death or serious bodily injury to another person in the course of fleeing from the U.S. Coast Guard. As a result of the defendant's failure to heave to *Munro*, the U.S. Department of War, the U.S. Coast Guard and U.S. law enforcement boarded the *Bella 1* in the North Atlantic

ocean in heavy seas and poor weather, which created a substantial risk that U.S. government personnel or members of the crew would be seriously injured or die during boarding.

7. During the transportation of Iranian oil and flight from the U.S. Coast Guard, the defendant worked and communicated directly with the Cargo Security Manager onboard the *Bella 1*, the Operator, and others to facilitate and conceal the illegal activity. For example, the defendant relayed to the crew the Operator's directive that the crew attempt to reflag the *Bella 1*.

Respectfully submitted,

JEANINE F. PIRRO
United States Attorney

By

Christopher T. Tortorice
Assistant United States Attorney

## DEFENDANT'S ACKNOWLEDGMENT

I, Avtandil Kalandadze, have read this Statement of the Offense and have discussed it with my attorney. I fully understand this Statement of the Offense. I agree and acknowledge by my signature that this Statement of the Offense is true and accurate. I do this voluntarily and of my own free will. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Statement of the Offense fully.

Date: 6/12/2026

Avtandil Kalandadze
Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read this Statement of the Offense and have reviewed it with my client fully. I concur in my client's desire to adopt this Statement of the Offense as true and accurate.

Date: 6/12/26

Jillian Berman
Attorney for Defendant

Date: 6/12/26

Michael Longyear
Attorney for Defendant